**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DAVID L. JEFFERSON<br>1121 Kalmia Road N.W.<br>Washington, D.C. 20012 | ) | |
| and | ) | |
| NAIMA A. JEFFERSON<br>1121 Kalmia Road N.W.<br>Washington, D.C. 20012 | ) | |
| Plaintiffs | ) | |
| v. | ) | Civil Action No.: 12-00239-RBW |
| MARK NATHAN COLLINS<br>(aka Mark N. Collins, Mark Collins)<br>11731 NW 3rd Drive<br>Coral Springs, FL 33071 | ) | |
| and | ) | |
| B & C HOMEBUYERS, LLC<br>11608 Hunters Green Court<br>Reston, VA 20191<br>SERVE: National Registered Agents, Inc.<br>Registered Agent<br>1090 Vermont Avenue NW<br>Suite 910<br>Washington, DC 20005 | ) | |
| and | ) | |
| VICTOR O. VILLALOBOS<br>11867 Benton Lake Road<br>Bristow, VA 20136 | ) | |
| and | ) | |

VB Platinum Tile & Carpet, Inc. )
*dba* Platinum Builders, Inc. )
11867 Benton Lake Road )
Bristow, VA 20136 )
SERVE: Victor O. Villalobos )
Registered Agent )
)
Defendants. )
_______________________________________)

**AMENDED COMPLAINT**
**(Breach of Contract, Fraud, Unlawful Trade Practices and Related Relief)**

Plaintiffs David L. Jefferson and Naima A. Jefferson, by their attorneys, Lawrence & Fisher PLLC, for their Amended Complaint against Defendants, state as follows:

**Parties**

1. The Plaintiffs, Reverend David L. Jefferson and Naima A. Jefferson ("Plaintiffs"), are a married couple residing in the District of Columbia.

2. Defendant Mark N. Collins ("Collins") is an individual and a resident of the State of Florida. Collins is an owner and member of Defendant B & C Homebuyers, LLC. Upon information and belief, Defendant Collins is a contractor in the business of purchasing, remodeling and selling residential real estate.

3. Defendant B & C Homebuyers, LLC ("B & C Homebuyers") is a Limited Liability Company organized under the laws of Virginia with a principal office located in Fairfax County, VA. B & C Homebuyers regularly transacts business in the District of Columbia, including the purchase, renovation and re-sale of residential real estate.

4. Defendant Victor O. Villalobos ("Villalobos") is an individual and a resident of Prince William County, VA. Villalobos is an owner and officer of Defendant Platinum Builders, Inc.

5. Defendant VB Platinum Tile & Carpet, Inc. *dba* Platinum Builders, Inc. ("Platinum Builders") is a Corporation organized under the laws of Florida with a principal office located in Bristow, VA. Platinum Builders regularly transacts business in the District of Columbia.

## **Jurisdiction**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over all Defendants pursuant to D.C. Code Ann. §13-423 because they transacted business in the District of Columbia, caused tortious injury in the District of Columbia by acts and omissions in the District of Columbia, and had an interest in, used or possessed real property in the District of Columbia, out of which this lawsuit arises. Venue is proper under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and the property that is the subject of the action is situated in this judicial district.

## **Facts Common to All Counts**

8. This action arises out of Plaintiffs' purchase of residential real estate located at 1121 Kalmia Road N.W., Washington, D.C. 20012 (the "Property").

9. Upon information and belief, on or about February 10, 2011, Defendant B & C Homebuyers and/or Defendant Collins purchased the Property from a bank. Defendant Collins then retained Defendants Platinum Builders and Villalobos to act as his agent for remodeling the Property for re-sale. The facts relating to the business relationship between the Defendants are completely within the control of the Defendants.

10. In June 2011, Plaintiffs and their two children relocated to Washington, D.C. and began searching for a home for their family. Plaintiffs viewed the Multiple Listing Service listing for the Property, in which Defendants falsely marketed it as a "gorgeous renovation."

11. On or about July 25, 2011, Plaintiffs entered into a standard GCAAR Regional Sales Contract (the "Contract") to purchase the Property from Defendant B & C Homebuyers. Defendant Collins executed the Contract and all related forms and addenda on behalf of Defendant B & C Homebuyers.

12. Plaintiffs subsequently had a home inspection performed. This inspection revealed a number of deficiencies in the home, including in the electrical systems. Using the standard GCAAR General Addendum forms, Plaintiffs requested that certain repairs be made. Defendant Collins agreed to make those repairs.

13. On August 17, 2011, the designated settlement date, Plaintiffs performed a final walk-through of the Property, at which they noticed that certain repairs were not yet completed. Plaintiffs specifically noted that the electrical system required additional work. Defendant Collins acknowledged that the electrical system was not in normal working order, assured Plaintiffs that all repairs would be performed, and agreed to perform a "heavy-up" to fix the electrical system. However, the "heavy-up" could not be

completed that day. Relying on Defendant Collins' promises to complete the work after closing, Plaintiffs' proceeded with settlement that afternoon.

14. On or about August 25, 2011, Defendants sent an electrician to the Property, ostensibly to complete the "heavy-up." The electrician completed certain work, but also identified additional required repairs that he could not perform at that time. Defendants did not complete the "heavy-up." These electrical issues prevented Plaintiffs from fully utilizing their home.

15. On or about September 7, 2011, Plaintiffs discovered that water was leaking into their basement because the sump pump was not operating. Plaintiffs immediately contacted a plumber to address the issue. Before the plumber could arrive, water continued to flow out of the sump pump and into Plaintiffs' basement, damaging the carpet and Plaintiffs' property therein. Plaintiffs contacted a restoration company to address the water damage.

16. On or about September 9, 2011, Defendant Villalobos finally arrived at the Property with his electrician. Defendant Villalobos promised that his electrician would repair all outstanding issues the next day, but he did not show up at the appointed time.

17. On or about September 10, 2011, the restoration company retained by Plaintiffs arrived to address the water damage in the basement. Upon removing the damaged carpet, the contractor informed Plaintiffs that they had asbestos flooring in their basement, and that the basement had prior water damage. Plaintiffs retained an environmental clean-up company to investigate the asbestos.

18. Unwilling to continue to wait for Defendants to address the electrical issues in the home, Plaintiffs contacted their own electrician. On or about September 15, 2011, this electrician arrived to inspect the Property. The electrician found numerous problems, including improper installation and illegal wiring resulting in a circuit overload.

19. On or about September 16, 2011, Plaintiffs' environmental contractor confirmed the presence of asbestos in the Property. The asbestos was disturbed by the water damage and therefore needed to be abated. Plaintiffs were also required to destroy all of their property in their contaminated basement.

20. On September 17, 2011, Plaintiffs gave Defendants one last chance to correct the electrical issues and allowed Defendant Villalobos' electricians to work on the home. During this work the electricians discovered additional problems with the wiring, which they felt it was their duty to disclose to Plaintiffs. The electricians described these issues as a "fire hazard." Defendant Villalobos stated they were "talking too much" and made arrangements for them to leave as soon as possible without completing the necessary repairs. Defendants did not intend to perform and did not complete the "heavy-up."

21. Plaintiffs subsequently retained their own electrician to correct the multiple deficiencies and hazards in the electrical system. These hazards were known to Defendant Villalobos.

22. As the weather turned colder, Plaintiffs discovered that Defendants failed to properly install the HVAC system in the Property, rendering the heating and cooling system inoperable in certain areas of the house. This defect, which includes ducts that

were not properly connected, was concealed by the drywall in the Property. Plaintiffs incurred further damages diagnosing the problems with this system and will incur additional damages restoring it to normal working order.

23. Plaintiffs later discovered that an area of the first floor of the Property was sagging. Plaintiffs retained a structural engineer to evaluate the problem, who determined that Defendants improperly removed at least one and possibly two load bearing walls during their remodeling, causing significant structural damage to the Property. This defect was not discoverable during an ordinary and reasonable home inspection.

24. Due to the effects of the presence of asbestos, the water damage, the structural damages and the inoperable HVAC system, Plaintiffs are required to demolish and fully renovate their basement and to perform additional repairs. Plaintiffs have been unable to fully enjoy their new home and have suffered severe emotional distress. Plaintiffs have already spent over $25,000 repairing their home and will need to spend well over six figures to make the Property safe and habitable.

25. Prior to selling the Property to Plaintiffs, Defendants remodeled the basement, including installing new carpet, new windows, and a re-finished bathroom, such that Defendants had actual knowledge of the presence of asbestos, prior water damage, and structural defects in the Property. No Defendant disclosed the existence of these hazards, defects and damage to Plaintiffs.

26. Pursuant to the Contract and D.C. Code §42-1301 *et. seq.*, Defendant Collins, acting on behalf of Defendant B & C Homebuyers, agreed to provide Plaintiffs with a completed Seller's Disclosure Statement on the form approved by the Washington,

D.C. Board of Real Estate. This form requires the Seller to answer all questions in the disclosure statement in "'good faith' (honesty in fact in the making of the disclosure)."

27. Though Defendants had actual knowledge of prior water damage, Defendant Collins falsely represented in the Seller's Disclosure Statement that he had no actual knowledge of any evidence of moisture in the basement, any prior drainage problem or any flooding damage.

28. Though Defendants had actual knowledge of the presence of asbestos, Defendant Collins falsely represented in the Seller's Disclosure Statement that he had no actual knowledge of any environmental hazards, including asbestos.

29. Though Defendants had actual knowledge of structural defects in the property, Defendant Collins falsely represented in the Seller's Disclosure Statement that he had no actual knowledge of any structural defects in the walls or floors.

30. Defendant Collins executed the Seller's Disclosure Statement on April 13, 2011 and provided it to Plaintiffs as a material part of his offer to sell the Property.

31. Due to Defendants' fraudulent misrepresentations, Plaintiffs were induced to purchase the Property and to pay a higher purchase price than they otherwise would have.

32. Upon information and belief, Defendants bought, remodeled and sold this home in violation of applicable construction codes and without proper licenses, drawings and permits from applicable District of Columbia and Federal authorities.

33. Upon information and belief, Defendant B & C Homebuyers is the alter-ego of Defendant Collins. There is unity of ownership and interest in that Defendant Collins owns at least fifty percent of Defendant B & C Homebuyers and dominates the

conduct of the company. Defendant Collins used Defendant B & C Homebuyers to perpetrate fraud against the Plaintiffs and considerations of justice and equity justify piercing the corporate veil. The facts relating to Defendant Collins' use of Defendant B & C Homebuyers as an alter ego are completely within the control of Defendant Collins.

34. Upon information and belief, Defendant Platinum Builders is the alter-ego of Defendant Villalobos. There is unity of ownership and interest in that Defendant Villalobos owns at least fifty percent of Defendant Platinum Builders and dominates the conduct of the company. Defendant Villalobos used Platinum Builders to perpetrate fraud against the Plaintiffs and considerations of justice and equity justify piercing the corporate veil. The facts relating to Defendant Villalobos' use of Defendant Platinum Builders as an alter ego are completely within the control of Defendant Villalobos.

35. Pursuant to terms of the Contract, "the provisions not satisfied at Settlement will survive the delivery of the deed and will not be merged therein."

**COUNT I**
**BREACH OF CONTRACT**
**(Defendants Collins and B & C Homebuyers)**

36. Paragraphs 1-35 are incorporated as if set forth fully herein.

36. Plaintiffs and Defendants entered into a valid and enforceable contract.

37. Under the material terms of the contract, Defendants agreed to deliver the Property with the heating, cooling, plumbing and electrical systems in normal working order.

38. Under the material terms of the contract, Defendants agreed to disclose in good faith all information required under D.C. Code §42-1301 *et. seq.*

39. Plaintiffs performed their obligations under the contract.

40. Defendants materially breached the contract by failing to deliver the Property with all systems in normal working order and failing to disclose actually known hazards, damages and defects in the Property.

41. Defendants material breach caused damages to the Plaintiffs.

**COUNT II**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(Defendants Collins and B & C Homebuyers)**

42. Paragraphs 1-41 are incorporated as if set forth fully herein.

43. Plaintiffs and Defendants entered into a valid and enforceable contract.

44. The contract contains an implied duty of good faith and fair dealing.

45. Defendants materially breached this duty by failing to complete agreed upon repairs, failing to disclose known damages, defects and hazards in the property, and otherwise willfully rendering imperfect performance of the contract.

46. Defendants material breach caused damages to the Plaintiffs.

**COUNT III**
**FRAUD**
**(All Defendants)**

47. Paragraphs 1-46 are incorporated as if set forth fully herein.

48. Defendants made multiple false statements and/or omissions of fact to Plaintiffs, including falsely marketing the property, affirmatively denying the existence of known defects and hazards in the property, and promising to make certain repairs to the property which they did not intend to make, to induce Plaintiffs to complete settlement.

49. Defendants’ false statements and/or omissions of fact related to material issues.

50. Defendants had actual knowledge that their representations and/or omissions were false and misleading.

51. Defendants made these representations and/or omissions with intent to deceive the Plaintiffs.

52. Plaintiffs acted in reasonable reliance on Defendants' false representations and/or omissions.

53. Defendants' fraud caused damages to the Plaintiffs.

**COUNT IV**
**NEGLIGENT MISREPSENTATION**
**(All Defendants)**

54. Paragraphs 1-53 are incorporated as if set forth fully herein.

55. Defendants made multiple false statements and/or omissions of fact to Plaintiffs, including falsely marketing the property, affirmatively denying the existence of known defects and hazards in the property, and promising to make certain repairs to the property which they did not intend to make, to induce Plaintiffs to complete settlement.

56. Defendants owed a duty to exercise reasonable care and their misstatements and/or omissions violated that duty.

57. Defendants' false statements and/or omissions related to material issues.

58. Plaintiffs acted in reasonable reliance on Defendants' false representations and/or omissions to their detriment.

59. Defendants' negligent misrepresentations proximately caused damages to the Plaintiffs.

**<u>COUNT V</u>**
**VIOLATION OF THE DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT D.C. CODE §28-3904 (All Defendants)**

60. Paragraphs 1-59 are incorporated as if set forth fully herein.

61. Plaintiffs are “consumers” within the meaning of D.C. Code §28-3901(a)(2).

62. Defendants are “merchants” within the meaning of D.C. Code §28-3901(a)(3).

63. The sale of the property is “goods and services” within the meaning of D.C. Code §28-3901(a)(7).

64. Defendants committed unlawful trade practices in violation of D.C. Code §28-3904 by:

A. Misrepresenting that the property was a “gorgeous renovation” when in fact it had been cosmetically remodeled to conceal structural defects;

B. Misrepresenting that Defendants were approved, accredited or members of the Better Business Bureau and the National Kitchen and Bath Association;

C. Affirmatively denying the existence of known defects and hazards in the property;

D. Falsely stating that certain repairs had been made when they had not been made;

E. Offering for sale a product which was not in conformity with applicable safety standards and codes;

F. Violating Title 16 § 800.1of the District of Columbia Municipal Regulations and the Environmental Protection Agency Regulation of Residential Property Renovation (40 CFR 745).

65. Defendants' unlawful trade practices caused damages to the Plaintiffs.

**COUNT VI**
**BREACH OF WARRANTY**
**(Defendants Collins and B & C Homebuyers)**

66. Paragraphs 1-65 are incorporated as if set forth fully herein.

67. Plaintiffs and Defendants entered into a valid and enforceable contract.

68. Under the material terms of the contract, Defendants warranted that the existing heating, cooling, plumbing and electrical systems and equipment will be in normal working order as of the Possession Date.

69. Defendants materially breached this warranty by failing to deliver the Property with all systems in normal working order and failing to complete promised post-closing repairs.

70. Defendants' material breach caused damages to the Plaintiffs.

**COUNT VII**
**NEGLIGENCE**
**(All Defendants)**

71. Paragraphs 1-70 are incorporated as if set forth fully herein.

72. As professionals in the business of purchasing, renovating and/or selling residential real estate, Defendants owed a duty of care to the Plaintiffs to renovate the property in a safe, skillful, careful, diligent and workmanlike manner.

73. Defendants breached that duty by concealing and/or creating hazardous conditions and structural defects in the property and failing to provide the heating, cooling plumbing and electrical systems in normal working order.

74. Defendants breach of duty proximately caused injuries to the Plaintiffs.

**WHEREFORE**, Plaintiffs David L. Jefferson and Naima A. Jefferson respectfully request that this Court enter Judgment as follows:

A. Awarding Plaintiffs actual and compensatory damages, including amounts for the necessary costs of repairs to the Property and for diminution in value of the Property, with interest, in an amount that will be established at trial, but in any event no less than $200,000;

B. Awarding Plaintiffs treble damages pursuant to D.C. Code §28-3905;

C. Awarding Plaintiffs punitive damages pursuant to D.C. Code §28-3905 and Counts III, IV, V and VII;

D. Awarding Plaintiffs the costs of bringing this action, including reasonable attorneys' fees, disbursements and experts' fees, pursuant to the Contract and D.C. Code §28-3905;

E. Providing for such other or further relief as the Court may deem just and proper.

**JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

Dated March 2, 2012

Respectfully submitted,

_________/s/___________________________

Andrew J. Lawrence (DC Bar No. 486160)
Attorney for Plaintiffs
Lawrence & Fisher PLLC
5335 Wisconsin Avenue NW, Suite 700
Washington, DC 20015
(202) 904-2822
ajl@lawrence-fisher.com

**CERTIFICATE OF SERVICE**

I, Andrew J. Lawrence, hereby certify that on this 2nd day of March, 2012, I caused to be served a true and correct copy of the foregoing Amended Complaint on the persons listed below by first class mail:

Christopher C. Fogleman, Esq.
William J. Chen, III, Esq.
Gleason, Flynn, Emig & Fogleman, Chartered
11 North Washington Street Suite 400
Rockville, MD 20850-4278

Victor O. Villalobos
11867 Benton Lake Road
Bristow, VA 20136

____*/s/ Andrew J. Lawrence*_______
Andrew J. Lawrence